UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA PROXMIRE,

     Plaintiff,

v.                                           Case No: 8:15-cv-2960-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

     Plaintiff, Donna Proxmire, seeks judicial review of the denial of her claims for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.    Procedural Background

     Plaintiff filed an application for disability insurance benefits and supplemental security income on July 12, 2012. (Tr. 127.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 153-154, 173-174.) Plaintiff then requested an administrative hearing. (Tr. 178-179.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 66-89.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 53-62.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council

denied.  (Tr. 3-6.)  Plaintiff then timely filed a complaint with this Court.  (Dkt. 1)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## B.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1964, claimed disability beginning on March 31, 2012.  (Tr. 222.)  Plaintiff has a high school education.  (Tr. 226-227.)  Plaintiff's past relevant work experience included work as a survey worker, cook, bartender, fast food worker, and waitress.  (Tr. 76-77.)  Plaintiff alleged disability due to asthma, chronic obstructive pulmonary disease, high blood pressure, acid reflux, and pain.  (Tr. 226.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since March 31, 2012, the alleged onset date.  (Tr. 58.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: asthma, chronic obstructive pulmonary disease, hypertension, and right knee arthralgia.  (Tr. 58.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 59.)  The ALJ then concluded that Plaintiff retained the following residual functional capacity ("RFC"):

> [T]o perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) except there would be no climbing of ladders, ropes, scaffolds, ramps or stairs; work would be on flat level ground with no foot pedals; and there would be no exposure to fumes, hot, humid or smoky environments.

(Tr. 59.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible.  (Tr. 60.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform her past relevant work.  (Tr. 60.)  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a cartridge loader and a router.  (Tr. 62.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled.  (Tr. 62.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past

- 3 -

relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to properly evaluate Plaintiff's complaints of urinary incontinence and frequency in his credibility determination; and (2) the ALJ failed to fully comply with Social Security Ruling 96-6P.  For the reasons that follow, neither of these contentions warrant reversal.

### A.     Credibility

Plaintiff contends that the ALJ erred in discrediting her testimony.  Specifically, Plaintiff argues that the ALJ erred because he did not discuss Plaintiff's allegations of urinary incontinence and frequency.  (Dkt. 18 at 5-6.)  Plaintiff further contends that because the ALJ did not discuss Plaintiff's complaints of urinary incontinence and frequency, Plaintiff's complaints must be accepted as true.  (Dkt. 18 at 6.)

When determining whether a claimant is disabled, in addition to objective record evidence, the ALJ must consider the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529.  To evaluate whether a claimant has established disability through the claimant's testimony of pain and other subjective symptoms, the ALJ must apply the following test: first, whether there is evidence of an underlying medical condition and, second, whether there is objective medical evidence substantiating the severity of the pain from the condition or whether the medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see* 20 C.F.R. § 404.1529.

When an ALJ determines that the claimant's medical condition could reasonably be expected to produce the claimant's pain or other symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms, including pain, to determine their effect on

the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1); *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–777 (11th Cir. 2010). The ALJ considers all available evidence, including objective medical evidence, statements from the claimant, treating physicians, and non-treating physicians, and medical opinions. 20 C.F.R. § 404.1529(c)(1)–(2). Additionally, the ALJ considers other information claimant provides, such as (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; and (6) any measures the claimant personally used to relieve pain or other symptoms. *Id.* §§ 404.1529(c)(3), 416.929(c)(3).

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, reasons for not crediting the testimony. *Holt*, 921 F.2d at 1223–1224. "Implicit in this rule is the requirement that such articulation of reasons . . . be supported by substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (finding the ALJ's articulation of reasons for discrediting a claimant's testimony supported by substantial evidence because the ALJ considered the claimant's daily activities, frequency of symptoms, and types and dosages of medication). If an ALJ fails to adequately explain the reasons for discrediting a claimant's testimony, the testimony must be accepted as true as a matter of law. *Hale*, 831 F.2d at 1012.

As the reviewing Court, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–939 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ's decision because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

In evaluating Plaintiff's subjective complaints of pain, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.  (Tr. 588.)  As such, the ALJ concluded that Plaintiff had an underlying medical condition that could rise to disabling pain, but the evidence did not show that her condition was severe enough to produce disabling pain.  *Anderson v. Comm'r of Soc. Sec.*, 427 F. App'x 761, 764 (11th Cir. 2011).

Plaintiff argues that her medical records indicate that she was diagnosed with urinary incontinence and stress incontinence.  (Dkt. 18 at 6.)  Upon review of the record, the only evidence of Plaintiff's incontinence is found in two notes by nurse practitioners.  (Tr. 407–409, 469–475.)  Under the Social Security Regulations, nurse practitioners are not acceptable medical sources.  20 C.F.R. §§ 404.1513(a), (d)(1), 416.913(a), (d)(1).  However, the source of a claimant's medical treatment is generally considered only when weighing a medical opinion, as only evidence from "acceptable medical sources" can establish whether a claimant has a medically determinable

impairment.  20 C.F.R. § 404.1513(a); *see* 20 C.F.R. § 404.1513(d)(1).  For example, the opinions of nurse practitioners are not considered "medical opinions" and cannot establish the existence of an impairment, although their opinions may be used to show the severity of an impairment and how it affects a claimant's ability to work.  *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004)). Because nurse practitioners are not acceptable medical sources, an ALJ need not give substantial weight to their opinions.  *Id.*

Here, the nurse practitioners' notes do not address the severity of Plaintiff's incontinence or how Plaintiff's incontinence affects Plaintiff's ability to work.  (Tr. 407-409, 469-475.)  Further, Plaintiff points to no evidence of restrictions imposed on her by any physician due to her incontinence.  *See Hutchinson v. Astrue*, 408 Fed. App'x. 324, 326 (11th Cir. 2011) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)) ("[P]roof of the mere existence of an impairment does not prove the extent to which the impairment may limit Plaintiff's ability to work."); *Moncrief v. Astrue*, 300 F. App'x 879, 881 (11th Cir. 2008) (affirming ALJ's decision in part because plaintiff's treating physician had not placed any restriction on her ability to perform work); *McCruter v. Bowen*, 791 F. 2d 1544, 1547 (11th Cir. 1986) ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, not simply in terms of deviation from purely medical standards of bodily perfection or normality.").

Plaintiff also argues that at the hearing, the VE testified that Plaintiff cannot perform the jobs enumerated by the ALJ due to her incontinence.  (Dkt. 18 at 6.)  However, at the hearing, the VE testified that Plaintiff cannot go back to work as a survey worker if she takes four or five additional restroom breaks in a day (Tr. 85-86.)  Thus, the VE testified that Plaintiff would not be

able to perform her past relevant work experience as a survey worker, a conclusion that is not inconsistent with the ALJ's decision. (Tr. 60, 85-86.)

In support of the ALJ's decision, the Commissioner points to the Eleventh Circuit case *Norton v. Commissioner of Social Security*, 607 Fed. App'x 913 (11th Cir. 2015). Notably, the *Norton* decision and Plaintiff's case are similar. In *Norton*, the plaintiff argued that the ALJ failed to consider his allegations of urinary incontinence. *Id*. at 914. There, the plaintiff did not include urinary incontinence in his application for disability. *Id*. at 916. Further, the record only included a single reference to urinary issues, wherein the plaintiff asked his doctor for an adult diaper prescription and for hydrocortisone ointment to deal with a rash caused by leaking urine. *Id*. The Eleventh Circuit found that the ALJ adequately considered the evidence in the record at the time of the hearing and that substantial evidence supported the ALJ's conclusion that the plaintiff was not entirely credible in his testimony regarding incontinence:

> Norton testified before the ALJ that he had to urinate once an hour as a result of his pain medication, but he did not include this complaint among his reasons he believed that he could not work. However, as the ALJ noted, Norton's subjective complaints were often not supported, and were sometimes contradicted, by objective findings in the medical records. Medical records indicated that he would not give full effort during exams, that he would claim pain when it did not appear warranted, and that he made requests for supplies and prescriptions that he did not need. Thus, substantial evidence also supported the ALJ's conclusion that Norton was not entirely credible in his testimony. *Foote,* 67 F.3d at 1562.

*Id*.

Here, Plaintiff did not include incontinence or frequency in her application for disability. (Tr. 127.) The record includes only two references to incontinence, neither of which indicate that Plaintiff's incontinence affects her ability to work. (Tr. 407-409, 469-475.) In evaluating Plaintiff's credibility, the ALJ based his opinion on the entire record. (Tr. 60.) The ALJ heard Plaintiff's complaints regarding her alleged incontinence during the hearing, including Plaintiff's

testimony that she takes Oxybutynin and wears pads for alleged incontinence during coughs or sneezes.  (Tr. 81.)  Plaintiff further testified that she has to use the restroom at least every two hours.  (Tr. 81.)  However, Plaintiff also stated that her incontinence was not a problem while she was working and that she finally went to a doctor for incontinence in 2010 or 2011, before her alleged disability onset date of March 31, 2012.  (Tr. 81-82.)  Despite this overlap in time, Plaintiff did not include incontinence on her list of disabilities when she applied for disability insurance on July 12, 2012.  (Tr. 127.)  The ALJ stated that he found Plaintiff's "testimony not fully credible due to a routine and conservative treatment history and unremarkable physical examinations" and further noted Plaintiff's benign clinical findings.  (Tr. 60.)  Therefore, substantial evidence supports the ALJ's conclusion that Plaintiff was not entirely credible in her testimony, and any error by the ALJ in failing to address Plaintiff's alleged incontinence was harmless.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error harmless where the error did not affect the decision).

**B.      Social Security Ruling 96-6p**

Plaintiff next argues that the ALJ erred by failing to comply with Social Security Ruling ("SSR") 96-6p.  Specifically, Plaintiff argues that the ALJ failed to address all the limitations set forth by state agency reviewing physician Dr. Lionel Henry.  (Dkt. 18 at 7.)  Dr. Henry opined that Plaintiff would be limited to light work with some restrictions.  (Tr. 60, 129-146.)  Plaintiff contends that the ALJ failed to address Dr. Henry's specific opinion that Plaintiff would be limited to frequently balancing, stooping, crouching, and crawling and occasionally kneeling.  (Tr. 143.)

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). However, there is no rigid requirement that the ALJ

specifically refer to every piece of evidence in his or her decision, so long as the decision is not "a broad rejection" that leaves the court with insufficient information to determine whether the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1211. An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir.1987) (per curiam). When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand. *See Diorio*, 721 F.2d at 728.

The purpose of SSR 96-6p is to clarify "policy regarding the consideration of findings of fact by State agency medical and psychological consultants and other program physicians and psychologists by adjudicators at the administrative law judge and Appeals Council levels." SSR 96-6p also purports "to clarify policy interpretations regarding administrative law judge and Appeals Council responsibility for obtaining opinions of physicians or psychologists designated by the Commissioner regarding equivalence to listings in the Listing of Impairments (appendix 1, subpart P of 20 CFR part 404) formerly in SSR 83-19." Further, SSR 96-6p lists the following requirements regarding the analysis of medical opinions:

> (1) Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.
> (2) Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

Here, the ALJ afforded Dr. Henry great weight and specifically addressed Dr. Henry's opinion regarding Plaintiff's limitations to light work, including Plaintiff's postural and environmental restrictions. (Tr. 60.) However, the ALJ did not explicitly address Dr. Henry's opinions regarding Plaintiff's limitations in frequently balancing, stooping, crouching, and

crawling and occasionally kneeling.  (Tr. 143.)  Further, the ALJ did not include these specific limitations in Plaintiff's RFC.  (Tr. 59.)

However, despite Plaintiff's arguments, the physical abilities at issue are not required to perform the jobs enumerated for Plaintiff by the VE and the ALJ.  Based on the VE's testimony, the ALJ found that Plaintiff has the RFC to perform work as a cartridge loader or a router.  (Tr. 61-62.)  According to the Dictionary of Occupational Titles ("DOT"), performing work as a cartridge loader or a router does not require balancing, stooping, kneeling, crouching, or crawling. *See* United States Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991), 779.687-014, 222.587-038.  Thus, the functional requirements of the jobs identified by the VE do not include the specific abilities in question.  Moreover, Plaintiff makes no argument that the essential function of being a cartridge loader or router includes these abilities.  Therefore, the ALJ's failure to include Plaintiff's limitations of frequently balancing, stooping, crouching, and crawling and occasionally kneeling in Plaintiff's RFC was harmless as it does not affect the outcome of Plaintiff's case. *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 906 (11th Cir. 2013) (finding ALJ's failure to account for physician's conclusion that plaintiff could not squat was harmless error as the jobs the ALJ identified did not require squatting); *Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012) (finding harmless error where the ALJ did not account for plaintiff's inability to drive because the jobs in question did not require driving); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (finding the ALJ's failure to consider a doctor's opinion harmless error where, according to the DOT, the limitations at issue would not affect plaintiff's ability to perform the jobs identified by the VE).   Accordingly, Plaintiff's second contention on appeal does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1.  The decision of the Commissioner is **AFFIRMED**

2.  The Clerk of Court is directed to enter final judgment in favor of the Commissioner

    and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on February 16, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record